**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DACIA ARGENTINA AYALA SUM, | No. 08-70342 |
| Petitioner, | Agency No. A071-584-892 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Dacia Argentina Ayala Sum, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") order denying her motion to rescind a

deportation order entered in absentia and reopen her deportation proceedings to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252.

Reviewing for abuse of discretion, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.

2002), we dismiss in part and grant in part the petition for review and remand for

further proceedings.

As we determined in our previous Order of November 18, 2010, we lack

jurisdiction to consider Ayala Sum's challenges to the IJ's determinations that she

failed to demonstrate that she did not receive proper notice of the hearing and that

she warranted equitable tolling of the 180-day filing deadline because Ayala Sum

failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678

(9th Cir. 2004); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir.

2009) (en banc) (per curiam) (petitioner will be deemed to have exhausted only

those issues raised and argued in her brief before the BIA.).

Although we uphold the agency's conclusion on rescission, rescission is not

necessary to reopen proceedings. *See Matter of M-S-*, 22 I. & N. Dec. 349, 354-55

(BIA 1998) (en banc). As the agency decisions do not address Ayala Sum's

eligibility for relief under the Nicaraguan Adjustment and Central American Relief

Act, we remand for further proceedings. *See Sagaydak v. Gonzales*, 405 F.3d

1035, 1040 (9th Cir. 2005) (The agency is "not free to ignore arguments raised by

[a party].").

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**